IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT JAMES GRAY, JR., #1948039 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv344 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OF DISMISSAL

*Pro se* Petitioner Robert James Gray, Jr., an inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Magistrate Judge recommended the petition be dismissed as time-barred. Petitioner filed objections.

The Magistrate Judge correctly concluded that Petitioner's federal petition is time-barred in the absence of any other tolling provision, and Petitioner does not dispute this finding. Instead, he claims that he is not acquainted with the laws governing § 2554 petitions, and that the inmate who was assisting him transferred to another unit. However, neither ignorance of the law nor the transfer of an inmate assisting him with legal challenges constitute extraordinary circumstances that would entitle Petitioner to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000); *U.S. v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (illiteracy, deafness, or lack of training in the law do not justify equitable tolling). He also contends that he has had problems with the mail service at his unit. However, this objection does not address his lack of timeliness in filing either his federal petition

or his state habeas application.

Petitioner next complains that a water leak damaged his transcript, which required him to obtain a new copy. "However, the unavailability of or delay in receiving trial transcripts is not enough to entitle a habeas petitioner to equitable tolling." *McDowell v. Davis*, 2019 WL 5088042 *2 (S.D. Tex. Sept. 9, 2019) (unpublished). Further, because there is no constitutional right to obtain free trial transcripts to file a habeas petition or any collateral appeals, Petitioner cannot maintain that the lack of trial transcripts constituted state action preventing him from filing a habeas petition. *See Deem v. Devasto*, 140 F. App'x 574, 575 (5th Cir. 2005) (unpublished). Petitioner fails to show that a state-created impediment prevented him filing his habeas petition or that he is entitled to equitable tolling on these grounds.

Finally, Petitioner objects to the Magistrate Judge's finding that he has not made a valid claim that he is actually innocent. Petitioner simply states that "he was denied specific rights under the Constitution and more so that he is innocent. While Petitioner's knowledge of the law is limited, Petitioner relies on the integrity of this Court to assist him, and not allow him to spend the rest of his life in prison for crime that he did not commit." (Dkt. # 15, pp. 2-3). This contention, however, is insufficient to demonstrate actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (stating "tenable actual-innocence gateway pleas are rare," and for a petitioner to meet the threshold requirement, he must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect.

After reviewing the Report and Recommendation and conducting a *de novo* review of

Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is accordingly **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

It is further **ORDERED** all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE